UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASES No. 8:07-CR-21-T-23TGW
     8:08-CV-1120-T-23TGW

EMERENCIO RIVERO

---

REPORT AND RECOMMENDATION

In this case, defendant Emerencio Rivero filed a motion pursuant to 28 U.S.C. 2255 in which he alleged, among other things, that his appointed attorney failed to honor his request to file a direct appeal on his behalf. An evidentiary hearing has been conducted on that issue. Based upon the evidence presented, I find that the defendant did not ask the defense attorney to take an appeal. Since that was the extent of the defendant's claim, I recommend that the claim be dismissed.

I.

In January 2007, Rivero, along with sixteen co-defendants, was named in an eleven-count indictment alleging a conspiracy from 2005 until January 10, 2007, to grow marijuana plants (Doc. 28 in Case 8:07-CR-21-T-23TGW). Rivero was charged with both conspiracy (Count One) and

growing 100 or more marijuana plants (Count Ten) (id.). Attorney Thomas Ostrander was appointed to represent Rivero (see Doc. 107).

A plea agreement was proffered in this case under which Rivero would plead guilty to the conspiracy charge (Count One). The plea agreement was rejected because Rivero denied participating in a conspiracy. Notably, the inclusion of the standard appeal limitation was not Rivero's reason for rejecting the plea agreement.

Subsequently, the Government agreed to dismiss the conspiracy charge (Count One), which carried a ten-year mandatory minimum, and allowed Rivero to plead guilty to the manufacturing charge (Count Ten), which carried a five-year mandatory minimum.

Rivero appeared for sentencing on July 16, 2007. Prior to that time, a presentence report was prepared that calculated the offense level at 15 and a criminal history category of II, which established a guideline range of 21-27 months. However, because the statutory mandatory minimum was five years, the guideline range became five years. Consequently, Rivero was sentenced on Count Ten to five years in prison, the minimum term.

The court informed Rivero of his right to appeal the judgment and sentence. However, a notice of appeal was not filed.

In June 2008, Rivero filed a motion to vacate his sentence pursuant to 28 U.S.C. 2255 (Doc. 1) (Case 8:08-CV-1120-T-23TGW). The court summarily denied Rivero relief on all of his claims, with one exception: the claim that Rivero was denied effective assistance of counsel because Ostrander failed to file a direct appeal as he had been requested (Doc. 5). The court directed an evidentiary hearing on that issue (Doc. 13).

Attorney Scott Lyon Robbins was appointed pursuant to the Criminal Justice Reform Act to represent Rivero (Doc. 15). Subsequently, attorney Sean Patrick Cox was retained to represent the defendant (Docs. 19, 20). An evidentiary hearing was conducted (see Doc. 21). Testimony was received from both Rivero and Ostrander.

Rivero testified that, immediately after sentencing and while still in the courtroom, he told Ostrander to appeal.

Ostrander testified that he knows that he never got an instruction from the defendant to file an appeal. He added that, if he had been instructed to appeal, he would have done so, and, because he does appellate work, he would have welcomed the opportunity to represent Rivero further. Ostrander testified that he had a "very good relationship" with Rivero. He remembers that, before sentencing (including the night before sentencing), they discussed

-3-

several times the possibility of an appeal. Ostrander remembers that, at the conclusion of sentencing, Rivero simply turned and walked out of the courtroom. Ostrander was emphatic that Rivero did not ask for an appeal. Ostrander remembers that, approximately thirty to sixty days later, Rivero's relatives contacted him, inquiring about the status of an appeal. He informed the relatives that Rivero never asked for an appeal.

II.

Claims of ineffective assistance of counsel are considered under the standards set out in Strickland v. Washington, 466 U.S. 668 (1984). Under those standards, a defendant seeking relief on a claim of ineffective assistance of counsel, in general, has the burden of showing (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Id. at 687.

The Supreme Court has applied the principles of Strickland v. Washington to a claim of ineffective assistance due to counsel's failure to prosecute a direct appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000). If an attorney disregards specific instructions from a defendant to file a notice of appeal, the attorney acts in an unreasonable manner and the defendant is entitled to a belated appeal without showing that the appeal is likely to have

merit. Id. at 477. In Roe v. Flores-Ortega, the Supreme Court also set out principles for resolving situations where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken. Id. at 477-81.

III.

The claim Rivero asserts is that counsel failed to follow his specific direction to file an appeal. Importantly, Rivero asserts no challenge to the adequacy of Ostrander's consultations regarding an appeal. Thus, the claim, as alleged, was limited to the failure to carry out the request to file an appeal. Moreover, at the hearing, the defendant's retained counsel made no argument relating to Ostrander consulting with the defendant about an appeal. Consequently, the principles set in Roe v. Flores-Ortega concerning consultation are inapposite. The question here is simply whether or not the defendant asked Ostrander to file an appeal.

In this case, Rivero, as indicated, testified that immediately after sentencing he instructed Ostrander to file an appeal. Ostrander, on the other hand, stated that the defendant gave him no such instruction. If Rivero's testimony on this point were accepted, that evidence would be sufficient to warrant the granting of a belated appeal. However, I reject Rivero's testimony because it is not credible for several reasons.

In the first place, Rivero's credibility is subject to question because he is a convicted felon and has an interest in the outcome of this matter. In contrast, Ostrander has no interest in the outcome and no apparent reason to prevaricate.

Moreover, Ostrander testified that he handles appeals in court-appointed cases. He said that he would have had absolutely no aversion to handling the appeal if the defendant had asked him to do so. Ostrander is a very willing participant in the Criminal Justice Act program, and it is completely implausible to conclude that Ostrander would not have prosecuted the appeal if the defendant had asked him to do so.

In addition, the defendant's testimony is not credible because there is no issue that the defendant would want to appeal. It is recognized that, under Roe v. Flores-Ortega, the lack of merit does not defeat the defendant's claim. Nevertheless, it has a bearing on the defendant's credibility. The defendant pleaded guilty to a reduced charge and received the lowest sentence he could legally get. The idea that immediately after receiving the best possible sentence he asked his lawyer to take an appeal is not credible.

Furthermore, the circumstances of the alleged request also render the defendant's testimony implausible. The defendant said he requested the appeal in the courtroom. There is no indication in the sentencing proceedings of such a request. Further, he was immediately taken from the courtroom and Ostrander left by a different door. Under these circumstances, there was no opportunity to request an appeal.

For these reasons, I reject as not credible the defendant's testimony that he asked Ostrander to taken an appeal. In other words, I find that the defendant did not request Ostrander to appeal. Since this was the only contention raised by the defendant, I recommend that the defendant's claim of ineffective assistance of counsel for failing to file a requested appeal be dismissed.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 11, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).